## CARTER ET AL. *v.* HARTER.

EVIDENCE.—*Promissory Note.*—*Non Est Factum.*—On the trial of an action against co-makers, on a promissory note, wherein the execution of the note was denied by one of the defendants under oath, the plaintiff gave the note in evidence " as against the parties who do not deny the execution of the same under oath," followed by evidence of its execution by such defendant.

*Held,* that the evidence does not authorize a finding against him.

From the Madison Circuit Court.

*J W. Sansberry* and *E. B. Goodykoontz,* for appellants.
*W. R. Myers* and *H. D. Thompson,* for appellee.

BIDDLE, J.—Suit on a joint promissory note alleged to

have been made by Wesley S. Carter, William Silver and Joseph J. Carter, payable to the appellee, for four hundred dollars. The record does not inform us what became of Wesley S. Carter. There is no notice of him in the record, except his name in the complaint, and "W. S. Carter" signed to the note.

Joseph J. Carter answered by general denial, verified by his affidavit.

Wiliam Silver answered by several paragraphs.

Issues were formed, trial had by the court, and a finding rendered against William Silver and Joseph J. Carter.

Joseph J. Carter moved for a new trial. His motion was overruled. Silver and Joseph J. Carter both appeal to this court. The only question made here is upon the sufficiency of the evidence to sustain the finding.

The bill of exceptions informs us, that, at the trial, the appellee, " to maintain his cause of action, introduced the following evidence, to wit: The note sued on, offered in evidence as against the parties who do not deny the execution of the same under oath, and read in these words, to wit, ' $400,' " etc.

It does not appear by the bill of exceptions, that the note was offered or received as evidence against Joseph J. Carter, who had denied the note under oath ; nor does it appear that any evidence was offered to the court to prove the execution of the note as against Joseph J. Carter, as preliminary to offering it as evidence under the complaint. There is much evidence in the bill of exceptions tending to prove the execution of the note by Joseph J. Carter, given without objection under the complaint. When the note was offered in evidence against Silver only, Joseph J. Carter could not, object to it ; he could object to it only when offered against himself, or under the complaint generally. As it was not so offered, and not received as evidence against Joseph J. Carter, we can not hold that there is sufficient evidence before us to sustain the finding

against Joseph J. Carter. This omission may have been, and probably was, an oversight, occurring in the pressure of business; but this excuse will not aid the record.

The judgment is reversed, at the costs of the appellee; cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings.